UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE BRAZZIL, <br><br>　　　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　　　　　　　　Respondent. | Civil No.　07cv2421-BTM (NLS)<br><br>**ORDER DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE** |

　　　　On December 27, 2007, Petitioner, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On January 29, 2008, this Court dismissed the Petition because Petitioner had failed to satisfy the filing fee requirement, had failed to name a proper Respondent, and had failed to allege exhaustion of his state court remedies. (See 1/29/08 Order [Doc. No. 2] at 1-3.) Petitioner was instructed that if he wished to proceed with this action he was required to satisfy the filing fee requirement and file a First Amended Petition which cured these pleading defects on or before March 11, 2008. (Id. at 4.) That Order was mailed to Petitioner at his prison address, but was returned to the Court as undeliverable with a notation that Petitioner had been released on parole. (Doc. No. 3.)

　　　　On May 12, 2008, Petitioner submitted a request for an extension of time to pay the filing fee and file an amended petition, stating that the Court's January 29, 2008 Order had been sent to a wrong address and by the time he had received it the March 11, 2008 deadline had passed.

1 (Doc. No. 5.) Petitioner also paid the filing fee and submitted a First Amended Petition at that
2 time (Doc. Nos. 8-9), which the Court permitted to be filed after extending the deadline. (See
3 5/14/08 Order [Doc. No. 6] at 1.)

4       The First Amended Petition once again fails to name a proper respondent and is therefore
5 subject to dismissal. Petitioner was instructed in the previous Order of dismissal that: "In order
6 for this Court to entertain the Petition filed in this action, Petitioner must name the warden
7 *currently* in charge of the state correctional facility in which Petitioner is presently confined or
8 the Secretary of the California Department of Corrections and Rehabilitation." (1/29/08 Order
9 at 2) (emphasis in original). Petitioner had incorrectly named "The State of California" as
10 Respondent in the original Petition, and now names "The People of the State of California" as
11 the Respondent in the First Amended Petition.

12       A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of]
13 habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The
14 actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v.
15 Washington, 394 F.2d 125, 126 (9th Cir. 1968). Although the Court previously instructed
16 Petitioner that his custodian could be either the Warden of the institution where he was housed
17 or the Secretary of the Department of Corrections and Rehabilitation, it now appears that
18 Petitioner has been released on parole. If a "petitioner is on probation or parole, he may name
19 his probation or parole officer 'and the official in charge of the parole or probation agency, or
20 the state correctional agency, as appropriate.'" Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th
21 Cir. 1996) (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note). Thus,
22 irrespective of whether Petitioner is in prison or on parole at the present time, he has failed to
23 name a proper respondent, and this action is once again subject to dismissal.

24       Additionally, a Petition for a Writ of Habeas Corpus must be submitted in accordance
25 with the Local Rules of the United States District Court for the Southern District of California.
26 See Rule 2(d), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, petitions must
27 be submitted upon a court-approved form and in accordance with the instructions approved by
28 the Court. Id.; S.D. CAL. CIVLR HC.2(b). Although Petitioner was provided with the proper form

by the Clerk when the previous Order of dismissal was mailed to him, he has failed to use the form, and has instead used a form which does not comply with this Court's Local Rules.

### **CONCLUSION AND ORDER**

This action is **DISMISSED** without prejudice for failure to name a proper Respondent and failure to use a court-approved form. If Petitioner wishes to proceed with this action, he must submit a Second Amended Petition on a court-approved form which names a proper Respondent on or before **June 30, 2008**. The Clerk of Court shall send Petitioner a blank Southern District of California amended petition form along with a copy of this Order.

**IT IS SO ORDERED.**

DATED: June 2, 2008

_____
Honorable Barry Ted Moskowitz
United States District Judge