NAME            _ANDRE BRAZZIL_

PRISON NUMBER        _F39583_

CURRENT ADDRESS OR PLACE OF CONFINEMENT        _354cCALVARY_

CITY, STATE, ZIP CODE        _EL CENTRO, CA 92243_

**FILED**

JUN 20 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

_ANDRE BRAZZIL_

(FULL NAME OF PETITIONER)

PETITIONER

_PAROLE SUP. MIKE BELL_

_PAROLE OFFCR. EDWARD COTA_

(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

RESPONDENT

and

_JERRY BROWN_

The Attorney General of the State of
California, Additional Respondent.

Civil No ___07 cv 2421 -BTM (NLS)___

(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

## SECOND AMENDED
### PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _____
   _Superior Court of California, County of Imperial_

2. Date of judgment of conviction: _September 7, 2006._

3. Trial court case number of the judgment of conviction being challenged: _____
   _JCF18572_

4. Length of sentence: _2 years._

CIV 68 (Rev. Jan. 2006)

CV

5. Sentence start date and projected release date: _August 23, 2006 – August 31, 2007_.

6. Offense(s) for which you were convicted or pleaded guilty (all counts): _Felon in possession of a firearm._

7. What was your plea? (CHECK ONE)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury ☐
   (b) Judge only ☒

9. Did you testify at the trial?
   ☐ Yes ☒ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☐ Yes ☒ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: _N/A_
    (b) Date of result (if known): _N/A_
    (c) Case number and citation (if known): _N/A_
    (d) Names of Judges participating in case (if known) _N/A_

    (e) Grounds raised on direct appeal: _N/A_

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: _N/A_
    (b) Date of result (if known): _N/A_
    (c) Case number and citation (if known): _N/A_

    (d) Grounds raised: _N/A_

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result: _____ N/A _____

    (b) Date of result (if known): _____ N/A _____

    (c) Case number and citation (if known): _____ N/A _____

    (d) Grounds raised: _____ N/A _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
    ☒ Yes    ☐ No

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number (if known): _____ EHC00865 _____

    (b) Nature of proceeding: _____ SAME _____

    (c) Grounds raised: _____ SAME _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes    ☒ No

    (e) Result: _____ N/A _____

    (f) Date of result (if known): _____ N/A _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
    ☐ Yes    ☒ No

CIV 68 (Rev. Jan. 2006)

cv

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known): _N/A_

    (b) Nature of proceeding: _N/A_

    (c) Names of Judges participating in case (if known) _N/A_

    (d) Grounds raised: _N/A_

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☑ No

    (f) Result: _N/A_

    (g) Date of result (if known): _N/A_

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☐ Yes  ☑ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number (if known): _N/A_

    (b) Nature of proceeding: _N/A_

    (c) Grounds raised: _N/A_

    (d) Did you receive an evidentiary hearing on your petition, application or motion?

    ☐ Yes  ☑ No

    (e) Result: _N/A_

    (f) Date of result (if known): _N/A_

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

Petitioner had no access to JAils nor Prisons Law Libaries to Research, Also had delays in obtaing court documints, such As The minute order. no Transcripts Are Available,

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
☑ Yes ☐ No    (IF "YES" SKIP TO #22)
   (a) If no, in what federal court was the prior action filed? ___n/A___
      (i) What was the prior case number? ___n·/A___
      (ii) Was the prior action (CHECK ONE):
         ☐ Denied on the merits?
         ☐ Dismissed for procedural reasons?
      (iii) Date of decision: ___n//A___
   (b) Were any of the issues in this current petition also raised in the prior federal petition?
      ☐ Yes ☐ No
   (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
      ☐ Yes ☐ No

## CAUTION:

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. **State** *concisely* **every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize** *briefly* **the facts supporting each ground.** (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: The trial court abused its discretion in failing to rule the charged offense, possession of a firearm by a felon, a misdemeanor, and exceeded its statutory authority in denying petitioner

**Supporting FACTS:** On August 23, 2006, petitioner was arrested (Continued on next page) for possession of a firearm, a revolver, a family's antique. On August 25, 2006, a complaint was filed alleging that petitioner committed a felony, namely: Possession of a firearm by a felon. See Exhibit A. On September 7, 2006, petitioner withdrew his not guilty plea and pled guilty to Count 1 to only having possessed a firearm. He did not knowingly admit nor otherwise stipulate, that he was a felon and personally addressed that alleged issue to the court. See Exhibit B, which is attached hereto and incorporated by reference. The trial court did not advise petitioner of his right to a jury trial on the issue of him being previously convicted allegedly nor obtain his waiver of such right. He did not know his right. Had he known he would have gone to jury trial and the alleged status would not be proven true. No evidence of the alleged felon status was before the court. Petitioner was not a felon. Also, court did not advise him of his right to confront witnesses or against self-incrimination. Nor did he waive those either. See Exhibit C & D.

**Did you raise GROUND ONE in the California Supreme Court?**

☑ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): _Dismissed_

(2) Case number or citation: _XF18572_

(3) Result (attach a copy of the court's opinion or order if available): _not available_

CIV 68 (Rev. Jan. 2006)

-6-

cv

## GROUND 1 CONTINUES

PROBATION AND IMPOSED PRISON BECAUSE PETITIONERS ALLEGED STATUS AS BEING A FELON WAS NOT Admitted nor stipulated to by petitioner nor was it otherwise proved by a jury where also the trial court erred in to expressly advise petitioner of his right to a jury trial on the issue of the alleged prior felony conviction status or to obtain a waiver of that right, thereby violating his right to a jury trial. This violated petitioner's rights to due process, 6th and 14th Amendments as guaranteed by U.S Constitution And STATE LAWS.

IN RE Yurko (1974) 10 Cal 3d 857, 112 CR 513, 519 ; IN RE Boatwright, 15 P2d 755, 216 C 277 (failed to prove fact of a previous conviction); People v Baird (1995) 12 Cal 4th 126, 48 Cal Rptr 2d 65; West Ann. Const. art 1, §28; People v Bouzar (1991) 53 C3d 467, 279 Cal Rptr 2d 844; California v Cunningham (2007) __ U.S. __, 2007 Daily Journal DAR 1003, Jan. 23 2007 at p. 15 [ An element of the charged offense, essential to a jury's determination of guilt, or admitted in defendant's guilty plea does not qualify as such a circumstance in aggravation.)

Page three of six

MC-275 [Rev. July 1, 2005]

GRounds 1. Other cases Same

ORIGINAL

EXHIBIT A
1q 3

L.A. # F-06-04337
GILBERT G. OTERO
District Attorney
Imperial County
County Administration Center, 1st Floor
940 West Main Street
El Centro, CA  92243
Telephone (760) 482-4331

Attorney for Plaintiff

FILED

AUG 2 5 2006

SUPERIOR COURT
IMPERIAL COUNTY, CA
JOSE G. QUILLES CLERK
BY _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF IMPERIAL

JAIL DEPARTMENT

THE PEOPLE OF THE STATE OF CALIFORNIA
Plaintiff,

vs.

ANDRE LEWIS BRAZZEL,

Defendant(s)

No. JCF18572

COMPLAINT
(FELONY)

THE UNDERSIGNED, ON INFORMATION AND BELIEF, COMPLAINS AND SAYS, THAT WITHIN THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA, THE DEFENDANT(S) COMMITTED THE FOLLOWING CRIME(S) AS FOLLOWS:

## COUNT 1

On or about the 23rd day of August, 2006, said defendant(s), **ANDRE LEWIS BRAZZEL** did commit a **FELONY**, namely: **POSSESSION OF FIREARM BY A FELON - PRIOR(S)**, a violation of Section 12021(A)(1) of the Penal Code of the State of California, in that said defendant(s): did willfully and unlawfully own, possess, purchase, receive, and have custody and control of a firearm, to wit, A REVOLVER, the said defendant having theretofore been duly and legally convicted of a felony or felonies, to wit:

*Exhibit "A"*
*2 of 3*

COURT #:  CODE/STAT:  CONV DATE:  COUNTY:  STATE:  CRT TYPE:

CF-1528     PC459        3/20/96       IMPERIAL   CA      SUPERIOR

## COUNT 2

On or about the 23rd day of August, 2006, said defendant(s), **ANDRE LEWIS BRAZZEL** did

commit a **FELONY**, namely: **UNLAWFUL FIREARM ACTIVITY**, a violation of Section

12021(C)(1) of the Penal Code of the State of California, in that said defendant(s): did willfully and

unlawfully own, possess, purchase, receive, and have custody and control of a firearm, to wit,

HANDGUN , the said defendant having been convicted within the immediate past 10 years of the

following crimes. 242/243PC; 242/243PC; 245(A)/17B PC .

I declare under penalty of perjury that the foregoing is

true and correct and executed on August 25, 2006 at El Centro,

California.

_____

EL CENTRO POLICE DEPARTMENT

**DISCOVERY REQUEST:**      Pursuant to Penal Code Section 1054.5 (b),
the People are hereby informally requesting that defendant's counsel
provide discovery to the People as required by Penal Code Section
1054.3.

9/07/06

-2-

EXHIBIT "A"

3 of 3

GILBERT G. OTERO, DISTRICT ATTORNEY


By: _____
        JOSEPH F. BEARD
      ASSISTANT DISTRICT ATTORNEY



SUBSCRIBED AND SWORN TO BEFORE ME ON _____, AT
EL CENTRO, COUNTY OF IMPERIAL, CALIFORNIA, AND IT APPEARING TO THE
COURT THAT PROBABLE CAUSE EXISTS FOR THE ISSUANCE OF A WARRANT OF
ARREST FOR THE ABOVE-NAMED DEFENDANT(S), THE WARRANT IS SO ORDERED.



_____
JUDGE OF THE SUPERIOR COURT

GGG:cr

EXHIBIT "B"
1 of 2

DECLARATION OF _Andre Brazzil_

I, Andre Brazzil, declare that:

On September 7, 2006, at the preliminary examination proceedings I was arguing with my appointed public defender, Mr. Javier Garibay. I was telling him that I was __not a felon__!
 He replied, "Yes, you are!"
 I argued back, "No! I'm not!"
 He again replied, "Yes! You are!"
 Finally, I gave up and turned to the trial judge, Matias R. Contreras. Our dialogue as follow:
 Me: "May I ask the judge a question?"
 Judge: "Ask your counselor."
 Garibay: "Yes. Go ahead."
 Me: "I went to jury duty last year and got a check for it. Then how can I be a felon?"
 Judge: "Well, Mr. Brazzil? Did you cash that check?"
 Me: "Yes."
 Judge: "Well, be it!"

 .·. When I was asked "how do [I] plea to possession of a firearm?", I withdrew my 'not guilty' plea and pled guilty. It was my understanding and belief that I was only admitting that I did have my family's treasured old gun in my possession. I never admitted as to having been previously convicted of a felon nor did I stipulate knowingly as to such.
 The trial court never advised me of my right to a jury trial to resolve and determine the truth to the alleged issue of me having a felon status. Had I known of that

EXHIBIT B
2 of 2

DECLARATION OF ANDRE BRAZZIL CONTINUES

right to a jury trial I would have demanded it and gone to trial and it, the alleged felon status, would have not been proven. Nor did the trial court obtain a waiver of my right to a jury trial. I am not a felon.

I am the petitioner in this action. All facts alleged in the above declaration, not otherwise supported by citations to the record, exhibits, or other documents, are true of my own personal knowledge.

I declare under the penalty of perjury that the above is true and correct and that this declaration was executed on 4/25/07 ____, at Chino, California.

_Andre Brazzil_
ANDRE BRAZZIL
IN PRO PER

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF IMPERIAL | |
|---|---|
| **People**<br> Plaintiff,<br><br> vs.<br><br>**Andres Lewis Brazzil**<br> Defendant.<br><br>DOB:     10-21-69 | Jud. Officer:  **Matias R. Contreras**<br>Clerk:  **Carla Reyes**<br>Bailiff:  <u>**Andrew Lowenthal**</u><br>CSR:  **Leslie Brock**<br>Interpreter:  **Not Required**<br>Language:  ----<br><br>Plaintiff Counsel/DA: <u>**Ben Salorio**</u><br><br>Defendant Counsel/PD: <u>**Javier Garibay**</u> |
| Minutes:  **Preliminary Examination** | Case No.     JCF18572<br>                    Jail Court |
| Date:     **September 7, 2006** | |
| Charges:     **Count 1: PC12021(A)(1)** | |

☒ Defendant present ☒ in custody ☒ with counsel.

**PLEA:**
☒ Defendant advised and understands the maximum penalties, consequences of his plea, the possible defenses
    ☒ consequences of violation of probation ☒ possible deportation if not a citizen of the United States
☒ Court inquired and finds there have been no threats or promises made.
☒ Defendant advised by the court of the right to a trial, the right of silence, the right to confront and cross-
    examine witnesses and the right to subpoena witnesses in his behalf; defendant waived each of these rights.
☒ Stipulation as to the factual basis for the plea.
☒ The court finds a ☒ written ☐ oral knowing, intelligent, voluntary, understanding and explicit waiver of
    constitutional rights and a factual basis for the plea.
☒ Nature of the charges stated by the Court.
☒ Defendant withdraws NOT GUILTY plea and enters a plea of
    ☒ **GUILTY to Count 1, Felon in Posession of Firearm in violation of penal code**
        **section 12021(a)(1), a felony.**
☒ On motion of the District Attorney's Office Count 2 is dismissed.

Counsel requests his client be sentenced forthwith.  No objection by the People.

**SENTENCING:**
☒ Probation ☒ denied.  Defendant committed to ☒ State Prison ☒ Lower Term of 2 years.
☒ Defendant given credit for <u>24</u> days served in the county jail (16+8).
☒ Pursuant to PC 296 (a) (1), the defendant is required to provide two specimens of blood, a saliva sample, right
    thumb print, and a full palm print impression of each hand for law enforcement identification analysis.
☒ Defendant shall pay a restitution fine in the sum of **$ 200.00** pursuant to PC 1202.4(b).
☒ Defendant shall pay a restitution fine in the sum of **$ 200.00** pursuant to PC 1202.45.
☒ **Matter is set for Receipt of Report on 10/19/06 at 9:00 a.m., County Jail Department.**

☒ Defendant is remanded into custody.



Page 1 of 1

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM
*[Not to be used for multiple count convictions or for 1/3 consecutive sentences]*

CR-290.1

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: **Imperial**

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA vs.<br>DEFENDANT: **Andre Lewis Brazzil**<br>AKA:<br>CII#: **A08638491**<br>BOOKING #: **865577**     ☐ NOT PRESENT     DOB: **06-18-70** | CASE NUMBER<br>**JCF18572** |
| COMMITMENT TO STATE PRISON<br>ABSTRACT OF JUDGMENT     ☐ AMENDED ABSTRACT | |

| DATE OF HEARING **09-07-06** | DEPT. NO. **Jail** | JUDGE **Matias Contreras** |
|---|---|---|
| CLERK **Carla Reyes** | REPORTER **Leslie Brock** | PROBATION NO. OR PROBATION OFFICER |
| COUNSEL FOR PEOPLE **Ben Salorio** | COUNSEL FOR DEFENDANT **Javier Garibay** | ☒ APPTD. |

1. Defendant was convicted of the commission of the following felony:

| CNT. | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | JURY | COURT | PLEA | TERM (L, M, U) | YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 12021(A)(1) | Felon in Possession of Firearm | 2006 | 09-07-06 | | | X | L | 2 | 0 |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

4. ☐ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).

5. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):

Restitution Fine(s): **$200.00** per PC 1202.4(b) forthwith per PC 2085.5;  **$200.00** per PC 1202.45 suspended unless parole is revoked.

Restitution per PC 1202.4(f): ☐ $_____ / ☐ Amount to be determined   to ☐ victim(s)*   ☐ Restitution Fund
   (*List victim name(s) if known and amount breakdown in item 7 below.)

Fine(s): $_____ per PC 1202.5. $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS

Lab Fee: $_____ per HS 11372.5(a) for counts _____ . ☐ Drug Program Fee of $150 per HS 11372.7(a).

6. TESTING:  a. ☐ AIDS pursuant to PC 1202.1     b. ☒ DNA pursuant to PC 296     c. ☐ other *(specify)*:

7. Other orders *(specify)*: **Sentencing report to be forwarded at a later date.**

| 8. | TOTAL TIME IMPOSED EXCLUDING COUNTY JAIL TERM: | 2 | 0 |
|---|---|---|---|

9. ☐ This sentence is to run concurrent with *(specify)*:

10. Execution of sentence imposed
   a. ☒ at initial sentencing hearing.
   b. ☐ at resentencing per decision on appeal.
   c. ☐ after revocation of probation.
   d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
   e. ☐ other *(specify)*:

| 11. | DATE SENTENCE PROUNOUNCED **09-07-06** | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS: **24** INCLUDING: | ACTUAL LOCAL TIME **16** | LOCAL CONDUCT CREDITS **8** | ☒ 4019<br>☐ 2933.1 | TIME SERVED IN STATE INSTITUTION: ☐ DMH ☐ CDC ☐ CRC |
|---|---|---|---|---|---|---|---|

12. The defendant is remanded to the custody of the sheriff ☒ forthwith   ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
   To be delivered to   ☐ the reception center designated by the director of the California Department of Corrections.
   ☒ other *(specify)*: **RJ Donovan**

CLERK OF THE COURT: I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE **Carla Reyes** | DATE **09-07-06** |
|---|---|

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Form Adopted for Mandatory Use
Judicial Council of California
CR-290.1 (Rev. January 1, 2003)

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM

Penal Code,
§§ 1170,1213, 1213.5

## Juror History Report

Juror Number: 851010                    Juror Name: ANDRE LEWIS BRAZZIL

| Date | Time | User | Description |
|------|------|------|-------------|
| 07/27/2007 | 16:00:34 | Stella Munoz | Excused FELONY |
| 07/27/2007 | 16:00:33 | Stella Munoz | Juror Qualification Update - Inquiry Only |
| 07/27/2007 | 15:56:40 | Stella Munoz | JIMS-Do Not Report On 07/30/2007 |
| 07/03/2007 | 09:13:53 | Stella Munoz | Summons Sent JU5-300 to appear 07/30/07 |
| 09/14/2006 | 14:23:22 | Stella Munoz | Defer to 07/30/2007 IN JAIL/FELONY? |
| 09/14/2006 | 14:23:22 | Stella Munoz | Juror Qualification Update |
| 08/22/2006 | 08:52:08 | Stella Munoz | Summons Sent ST3-1324 to appear 09/18/06 |

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ☒ No

**24.** If your answer to #23 is "Yes," give the following information:

(a)  Name of Court: _____ N/A _____

(b)  Case Number: _____ N/A _____

(c)  Date action filed: _____ N/A _____

(d)  Nature of proceeding: _____ N/A _____

_____

(e)  Name(s) of judges (if known): _____ N/A _____

(f)  Grounds raised: _____

_____ N/A _____

_____

_____

(g)  Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes  ☒ No

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a)  At preliminary hearing: _P.D.  Javier Garibay_____

_____

(b)  At arraignment and plea: _N/A_____

_____

(c)  At trial: _N/A_____

_____

(d)  At sentencing: _N/A_____

_____

(e)  On appeal: _____ N/A _____

(f)  In any post-conviction proceeding: _N/A_____

_____

(g)  On appeal from any adverse ruling in a post-conviction proceeding: N/A_____

_____

CIV 68 (Rev. Jan. 2006)

cv

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes  ☑ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes  ☑ No

(a) If so, give name and location of court that imposed sentence to be served in the future:

_____N/A_____

(b) Give date and length of the future sentence: _____N/A_____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
☐ Yes  ☑ No

28. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☑ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

**29.** Date you are mailing (or handing to a correctional officer) this Petition to this court: _____

_6/18/08_

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_N/A_

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_6/18/08_

(DATE)

SIGNATURE OF PETITIONER