1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    ANDRE BRAZZIL,                                Civil No.    07cv2421-BTM (NLS)

12                              Petitioner,

13                    v.                            **ORDER DISMISSING SECOND
                                                    AMENDED PETITION WITHOUT**
14    MIKE BELL Parole Supervisor, et al.,          **PREJUDICE**

15                              Respondents.

16

17         On December 27, 2007, Petitioner, a state prisoner proceeding pro se, filed a Petition for

18    a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)  On January 29, 2008, this

19    Court dismissed the Petition because Petitioner had failed to satisfy the filing fee requirement,

20    had failed to name a proper Respondent, and had failed to allege exhaustion of his state court

21    remedies.  (See 1/29/08 Order [Doc. No. 2] at 1-3.)  Petitioner was instructed that if he wished

22    to proceed with this action he was required to satisfy the filing fee requirement and file a First

23    Amended Petition which cured these pleading defects on or before March 11, 2008.  (Id. at 4.)

24    That Order was mailed to Petitioner at his prison address, but was returned to the Court as

25    undeliverable with a notation that Petitioner had been released on parole.  (Doc. No. 3.)

26         On May 12, 2008, Petitioner submitted a request for an extension of time to pay the filing

27    fee and file an amended petition, stating that the Court's January 29, 2008 Order had been sent

28    to a wrong address and by the time he had received it the March 11, 2008 deadline had passed.

1  (Doc. No. 5.)  Petitioner also paid the filing fee and submitted a First Amended Petition at that

2  time (Doc. Nos. 8-9), which the Court permitted to be filed after extending the deadline.  (See

3  5/14/08 Order [Doc. No. 6] at 1.)

4         The First Amended Petition was dismissed without prejudice for again failing to name

5  a proper respondent and failing to use a proper form.  The Court notified Petitioner that in order

6  to have his case reopened, he must, no later than June 30, 2008, file a Second Amended Petition

7  that meets the pleading requirements for habeas corpus petitions under 28 U.S.C. § 2254.  (See

8  6/2/08 Order [Doc. No. 10].)  On June 20, 2008, Petitioner filed a Second Amended Petition on

9  the appropriate form [Doc. No. 11].  In the Second Amended Petition, Petitioner names a proper

10  respondent.  However, the Second Amended Petition must be dismissed because Petitioner has

11  once again failed to allege exhaustion of state judicial remedies.

12         As this Court stated in its January 29, 2008 Order, habeas petitioners who wish to

13  challenge either their state court conviction or the length of their confinement in state prison,

14  must first exhaust state judicial remedies.  28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481

15  U.S. 129, 133-34 (1987).  To exhaust state judicial remedies, a California state prisoner must

16  present the California Supreme Court with a fair opportunity to rule on the merits of every issue

17  raised in his or her federal habeas petition.  28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at

18  133-34.  Moreover, to properly exhaust state court remedies a petitioner must allege, in state

19  court, how one or more of his or her federal rights have been violated.  The Supreme Court in

20  Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity

21  to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact

22  that the prisoners are asserting claims under the United States Constitution."  Id. at 365-66

23  (emphasis added).  For example, "[i]f a habeas petitioner wishes to claim that an evidentiary

24  ruling at a state court trial denied him [or her] the due process of law guaranteed by the

25  Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court."

26  Id. at 366 (emphasis added).

27         Nowhere on the Petition does Petitioner allege that he raised his claims in the California

28  Supreme Court.  In fact, he specifically indicates he did not seek review in the California

1  Supreme Court.  (See Pet. at 2, 4.)  If Petitioner has raised his claims in the California Supreme

2  Court he must so specify.  "The burden of proving that a claim has been exhausted lies with the

3  petitioner."  Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Breard v. Pruett, 134 F.3d

4  615, 619 (4th Cir. 1998);  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997);  Oyler v.

5  Allenbrand, 23 F.3d 292, 300 (10th Cir. 1994); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

6        Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death

7  Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ

8  of habeas corpus by a person in custody pursuant to the judgment of a State court.   The

9  limitation period shall run from the latest of:

10             (A) the date on which the judgment became final by the
              conclusion of direct review or the expiration of the time for seeking
11             such review;

12             (B) the date on which the impediment to filing an application
              created by State action in violation of the Constitution or laws of the
13             United States is removed, if the applicant was prevented from filing
              by such State action;

14

15             (C) the date on which the constitutional right asserted was
              initially recognized by the Supreme Court, if the right has been
              newly recognized by the Supreme Court and made retroactively
16             applicable to cases on collateral review; or

17             (D) the date on which the factual predicate of the claim or
              claims presented could have been discovered through the exercise
18             of due diligence.

19  28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

20        The statute of limitations does not run while a properly filed state habeas corpus petition

21  is pending.  28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

22  But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'

23  when its delivery and acceptance [by the appropriate court officer for placement into the record]

24  are in compliance with the applicable laws and rules governing filings."). However, absent some

25  other basis for tolling, the statute of limitations does run while a federal habeas petition is

26  pending.  Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

27        Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a

28  habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to

1   it that the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll.

2   § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal

3   habeas relief because he has not alleged exhaustion of state court remedies.

4                                   **CONCLUSION AND ORDER**

5          This action is **DISMISSED** without prejudice for failure allege exhaustion of state

6   judicial remedies.  If Petitioner wishes to proceed with this action, he must submit a Third

7   Amended Petition, **no later than August 8, 2008**.  If Petitioner fails to allege exhaustion of his

8   state remedies on or before **August 8, 2008**, he will have to begin again by filing a new federal

9   habeas petition which will be given a new civil case number.  *For Petitioner's convenience, the*

10  *Clerk of Court shall send Petitioner a blank Southern District of California amended petition*

11  *form along with a copy of this Order.*

12         **IT IS SO ORDERED.**

13

    DATED:  July 7, 2008

14

15                                                          Honorable Barry Ted Moskowitz
16                                                          United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28